## Commonwealth v. Parks

*Edwin D. Strite, Jr.,* Assistant District Attorney, for Commonwealth.

*Blake E. Martin,* Public Defender, and *William F. Kaminski,* Assistant Public Defender for defendants.

EPPINGER, P. J., May 28, 1974.—Richard Neil (Neil) and Gary Lee Parks (Parks) were in the Rath-

skeller, a tavern on Lincoln Way East in Chambersburg. While they were there, a dispute developed between them and the proprietor and they were both asked to leave.

During the course of the dispute, Neil said that if he was going to be thrown out, it would be for some purpose and so he attempted to break a beer bottle on the bar, but it didn't break. About that time, he withdrew from the argument, but Parks took it up and he went after the proprietor with another beer bottle. The proprietor then armed himself with a beer bottle. Ultimately, the matter was settled, but not before the proprietor called the Chambersburg Police Department. While they were down in the Rathskeller, both Neil and Fordyce were speaking in loud argumentative voices.

When the police arrived on the scene, they finally persuaded defendants to leave and took them up the stairs on to Lincoln Way East. Then they moved east on Lincoln Way about 25 or 30 yards and a further discussion ensued between the officers and Neil and Parks. During this discussion, both defendants became loud, showed the influence of intoxicating beverage and when the police corporal who was summoned arrived on the scene, somewhat later, he almost immediately placed them under arrest for public drunkenness as they demanded the right to return to the tavern.

Citations were issued and both gentlemen paid the fines.

Defendants have now moved the court to dismiss the charges of recklessly endangering the life of another and defiant trespass subsequently brought by the proprietor of the tavern on the grounds that they violate the principles set forth in Commonwealth v. Campana, 452 Pa. 233, 304 A. 2d 432.

In that case, Justice Roberts stated:

"We hold that all charges resulting from the criminal 'episode' of each appellant should have been consolidated at one trial, and consequently the second prosecutions violated the double jeopardy clause of the Fifth Amendment."

It is a little difficult for us to know the exact effect of Campana. It went before the Supreme Court of the United States and, despite the plain statement by Justice Roberts of the violation of the double jeopardy clause of the Fifth Amendment, the case was sent back to the Pennsylvania Supreme Court to determine whether it was decided under the Federal or State Constitution. The State court responded by saying the decision was based on the court's administrative powers, apparently not unlike those contained in Pennsylvania Rule of Criminal Procedure 219(b), which provides that two or more offenses of any grade, other than murder, may be charged in the same indictment if they are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Decisions too well-established to require citations hold that offenses which may be charged must be charged together.* Thus, the essence of the right was removed from the realm of constitutional safeguards and was given a procedural connotation.

Nevertheless, at this time, since the matter has again gone before the Supreme Court of the United States but no decision has been made, it would seem

---

* See also Pa. R. Crim. P. 131(b):

"When more than one offense is alleged to have been committed by one person arising from the same incident, the issuing authority shall accept only one complaint, and shall docket the matter as a single case."

that the law of Pennsylvania is that where there are prosecutions which could be tried together, even though one of them is for a summary violation, they must be tried together. We think these two prosecutions, one by the police corporal and the other by the tavern proprietor are of the same or similar character and are two or more acts constituting part of a common scheme or plan. Thus, the prosecution by the officer and the acceptance by the justice of the peace of the fine in the two cases for public drunkenness have the effect of voiding the prosecutions filed by the proprietor.

We see that this is an unhappy result and that the proprietor of the tavern will have a great deal of difficulty understanding it, but we, nevertheless, feel ourselves bound by the decision of the Supreme Court of Pennsylvania and, therefore, are obliged, reluctantly, to dismiss the charges of recklessly endangering the life of another and defiant trespass. We can only suggest that in situations like this the police determine from the complainant whether he expects to file a prosecution before they proceed. If he does, then the prosecutions should be consolidated.

Happily, no serious injuries resulted in whatever it was that occurred in the tavern. Should defendants ever enter again and cause such a disturbance, the proprietor will not be faced with the same problem. Moreover, should he desire it, his direction to them not to enter the premise can stand. If the words were not exact on the point, they may be revived by written or further oral notices. Then should they enter the premise again, they may face prosecution, but this time without the escape clause of a subsequent prosecution for a less serious crime. Should the Campana case be processed on appeal through the Supreme Court of the United States and it be later determined that the

Supreme Court of Pennsylvania is in error in its decision, apparently there would be nothing that would prevent these prosecutions from being renewed by the filing of a new prosecution.

## ORDER OF COURT

Now, May 28, 1974, the charges are dismissed. Costs shall be paid by the County of Franklin.